UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRIS SMITH,<br><br>  Petitioner,<br><br> v.<br><br>WARDEN,<br><br>  Defendant. | CAUSE NO. 3:22-CV-189 DRL-MGG |

OPINION AND ORDER

  Chris Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-21-6-533) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of threatening in violation of Indiana Department of Correction Offense 123. Following a hearing, he was sanctioned with the loss of ninety days earned credit and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

  Mr. Smith argues that he is entitled to habeas relief because he threatened a correctional officer only in an effort to avoid another assault by him and that correctional staff failed to keep them separated as required by departmental policy. He further argues that correctional staff did not notify him of the disciplinary at the time and place required by departmental policy. Though the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to threaten correctional

staff in self-defense and the right to notice at a particular time and place are not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding due process protections beyond those provided by *Wolff*). Further, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). The court does not intend to downplay Mr. Smith's rights under the Eighth Amendment or to condone incidents of excessive force or failures to protect inmates from violence, but even perceived constitutional violations do not entitle inmates to violate the disciplinary code with impunity. *See Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984) ("Inmates cannot be permitted to decide which orders they will obey, and when they will obey them."). Therefore, these claims are not bases for habeas relief.

If Mr. Smith wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Chris Smith leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

March 14, 2022                                      *s/ Damon R. Leichty*
                                                                Judge, United States District Court